BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
  mblecher@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
Blue Sky The Color
of Imagination, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> MEAD WESTVACO CORPORATION, <br><br> Defendant. | CASE NO. CV10-02175 DDP(ANX) <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) VIOLATION OF SHERMAN ACT 15 U.S.C. § 1; (2) VIOLATION OF SHERMAN ACT, 15 U.S.C. § 2 ; (3) VIOLATION OF CLAYTON ACT, 15 U.S.C. § 14; (4) VIOLATION OF BUSINESS & PROFESSIONS CODE § 17045; (5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND (6) VIOLATION OF VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 <br><br> [DEMAND FOR JURY TRIAL] |

BLUE SKY THE COLOR OF IMAGINATION, LLC ("Blue Sky") or Plaintiff, files this Complaint against defendant MEAD WESTVACO CORPORATION, and, demanding trial by jury, complains and alleges as follows:

I.

**JURISDICTION AND VENUE**

1. Counts One through Three of this Complaint are filed and these proceedings are instituted against the above-named defendant under Section 4 and 16 of the

- 1 -

1  Clayton Act (15 U.S.C. §§ 15, 26) to secure damages from and injunctive relief against
2  defendant for its violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2)
3  and Section 3 of the Clayton Act (15 U.S.C. § 14).  This Court has original jurisdiction
4  over this federal antitrust claim pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 1331.

5      2.  Defendant transacts business, maintains an office, and may be found within
6  the Central District of California.  The interstate trade and commerce involved and
7  affected by the alleged violations of the antitrust laws were carried on in part within the
8  District and some of the unlawful acts described herein were conceived, performed or
9  made effective within the District.  Venue is appropriate in this District pursuant to 23
10 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

### II.

### THE PARTIES

14     3. Plaintiff BLUE SKY THE COLOR OF IMAGINATION, LLC. ("Blue Sky") is a
15 corporation organized and existing under the laws of the State of California, with its
16 principal place of business at 15991 Red Hill Avenue, Suite 101, Tustin, California
17 92780.  Blue Sky is engaged in the production, sale and distribution of calendars,
18 appointment books and planners, known in the trade as printed "dated goods."

19     4. Defendant MEAD WESTVACO CORPORATION ("MWV") is a corporation
20 organized and existing under the laws of the state of Delaware, with its principal place
21 of business in Richmond, Virginia.  MWV is the major competitor of both the school
22 supplies and printed "dated goods" product markets, having approximately ninety
23 percent (90%) of both such markets.

24     5. Blue Sky and MWV are direct competitors in the printed "dated goods"
25 relevant market sold in retail stores.

26 / / /
27 / / /
28 / / /

III.

**NATURE OF TRADE AND COMMERCE**

6. The relevant product market or submarket in this case is printed "dated goods," a cluster of products consisting primarily of calendars, appointment books and planners. Printed "dated goods" is a category of products with peculiar characteristics and uses and recognized by the industry as a distinct product category. The relevant geographic market is the United States and California may be a relevant geographic sub-market.

7. Printed dated goods are sold primarily to two class of purchasers: mass retailers (mainly Wal-Mart, Target and K-Mart) and office superstores (mainly Office Max, Office Depot and Staples). The sale of dated goods is largely seasonal, first at year end, preparatory to the new year, which motivates purchases of new calendars, appointment books and planners (dated January - December), and then "back-to-school" (dated July - June) in the summer. These are the two main times when dated goods purchases are made. During those periods, the purchasers create promotional displays usually placed in the aisles to prominently display the dated goods. During other times of the year, dated goods are displayed in wall racks.

8. MWV sells approximately 90% of both school supplies (a separate and distinct products line) consisting mainly of notebooks, fillers, composition book and the like and dated goods. The school supplies line, also sold to the same groups of purchasers as dated goods, is, by a substantial dollar margin, the larger of the two product lines. The ability of MWV to sell these two product lines in a bundle affords MWV leverage and the ability eliminate dated goods competition and competitors.

9. In 2007-2008, MWV forced Blue Sky's exclusion from office Depot by offering that buyer a bundled price on the total purchases of school supplies and dated goods which rendered Blue Sky (and others) unable to compete. After two years, when the program expired, however, Office Depot recognized the unique worth of Blue Sky's product and restored their status as a vendor of printed "dated goods."

- 3 -

10. In or about February 2010, MWV, to preserve and extend its dated goods monopoly and with the specific intent of excluding Blue Sky and other smaller sellers of dated goods to Office Max (Day-Timer and Carolina Pad) has offered Office Max a bundled price. The bundled price is a de facto exclusive dealing contract because to take advantage of the prices, Office Max must, inexorably, stop buying seasonal printed dated goods in any substantial quantity from Blue Sky, Day Timer and Carolina Pad. Moreover, if all of the discounts applicable to MWV sales of school supplies to Office Max are applied to the dated goods, the price of dated goods would be below an appropriate measure of MWV's cost, particularly under California Business & Professions Code § 17043.

11. The effect of this de facto exclusive dealing bundle and the bundled pricing is and will be to exclude Blue Sky, Day Timer and Carolina Pad from selling seasonal 2011 and 2012 printed "dated goods" to Office Max, preface the spread of that tactic to other mass retailers or officer superstores and threaten the existence of MWV three smaller competitors, which cumulatively, have less than 10% of the national dated good market.

12. There are significant barriers to entry which preclude entry of new competitors to dissipate MWV monopoly, including but not limited to (a) copyrights, trade dress and other intellectual property protections, (b) the difficulty to overcome an entrenched competitor (MWV) which has its substantial school supply line to leverage and (c) the shrinking of the paper dated goods market.

13. The production, sale and distribution of dated goods are in and directly affect interstate commerce. The antitrust violations alleged herein have had and, unless restrained by this Court, will continue to have the effect of substantially suppressing, distorting, eliminating and interfering with competition in the above-described product market in the flow of interest commerce.

/ / /

/ / /

## COUNT ONE

## SECTION 2 OF THE SHERMAN ACT 15 U.S.C. § 2

### IV.

### VIOLATIONS ALLEGED

14. Within the last four (4) years, the exact date being unknown to plaintiff, and continuing up to the filing of this Complaint, defendant MWV has monopolized and/or is attempting to monopolize interstate commerce in the market for dated goods products in the United States, in violation of Section 2 of the Sherman Act (15 U.S. C. § 2).

15. The monopolization and/or attempt to monopolize has consisted of the following deliberate conduct undertaken by defendant MWV with the specific purpose and intent of eliminating or excluding plaintiff Blue Sky (and Day Timer and Carolina Pad) as competitors and maintaining its monopoly of the defined relevant market:

    (a) leveraging the sale of school supplies to sell printed dated goods to Office Max on a basis which is, de facto, exclusive dealing; and

    (b) selling to Office Max below an appropriate measure of cost.

### V.

### ANTICOMPETITIVE EFFECTS OF VIOLATION
### ON COMPETITION AND CONSUMERS

16. The aforesaid conduct of defendant has produced antitrust injury and, unless restrained, will continue to produce the following anticompetitive and exclusionary effects upon competition in interstate commerce, among others:

    (a) competition in the production, distribution and sale of dated goods has been substantially and unreasonably restricted, lessened, foreclosed and eliminated;

    (b) barriers to entry into the production, distribution and sale of dated goods products have been raised;

    (c) consumers of dated goods products will be deprived of choice in price, selection quality and service; and

(d) the production, distribution and sale fo dated goods products will continue to be artificially restrained or monopolized.

## VI.

### INJURY TO PLAINTIFF

17. By reason of, and as a direct and proximate result of the violations alleged herein, plaintiff Blue Sky has been, and will continue to be immediately and irreparably injured in its business and property by defendant's continuing violations. Unless defendant is restrained by an appropriate order of this Court, plaintiff will continue to suffer an inability to compete fully and fairly in the market, expand and grow in the market, loss of its revenues, loss of profits it would otherwise have made, loss of substantial goodwill and reputation normally attached to a profitable enterprise, and a reduction in the value of its business as a going concern. The above-described injury constitutes cognizable antitrust injury resulting directly from MWV's antitrust violations as alleged herein.

18. Defendant's anticompetitive conduct has caused damages to plaintiff, in lost profits that plaintiff would have made but for the illegal conduct of defendant but which cannot now be easily ascertained. Furthermore, unless such anticompetitive conduct is enjoined, defendant's anticompetitive conduct will cause plaintiff to lose additional profits.

### COUNT TWO

### SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1

19. Count Two of this Complaint is based on the jurisdiction and venue allegations set forth in paragraphs 1 and 2 of which are repeated and realleged herein as though each of said paragraphs had been set forth in full herein.

20. Plaintiff Blue Sky repeats and realleges paragraphs 3 through 13 and paragraphs 16 and 17, inclusive, of this Complaint with the same force and effect as though each of said paragraphs had been set forth in full herein.

/ / /

21. Starting in or about February 2010, and continuing up to the filing of this Complaint, defendant MWV has, by its exclusive dealings contracts with Office Max, as alleged herein, unreasonably restrained competition and trade and commerce in the market for dated goods products, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1). The MWV agreements with Office Max constitutes a contract in restraint of trade.

## COUNT THREE

## SECTION 3 OF THE CLAYTON ACT, 15 U.S.C. § 14

22. Count Three of this Complaint is based on the jurisdiction and venue allegations set forth in paragraphs 1 and 2 which are repeated and realleged herein as though each of said paragraphs had been set forth in full herein.

23. Plaintiff Blue Sky repeats and realleges paragraphs 3 through 13, and paragraphs 16 and 17, of this Complaint with the same force and effect as though each of said paragraphs had been set forth in full herein.

24. Starting in or about February 2010, and continuing up to the filing of this Complaint, defendant MWV has, by its contract dealing contract with Office Max as alleged herein, threatened to and unreasonably restrained competition and trade and commerce in the market for dated goods products in violation of Section 3 of the Clayton Act (15 U.S.C. § 14). That contract has had a significant adverse effect on competition and has resulted in a significant amount of commerce foreclosed in the relevant market.

## COUNT FOUR

## VIOLATION OF CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17043

25. Count Four of this Complaint is based on the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367 because the claim asserted is ancillary to the federal antitrust claims and arises from the same transactions and the same nucleus of operative facts as are Count One - Three. Additionally, the Court has

independent jurisdiction of Count Four under 28 U.S.C. § 1332 in that there is diversity of citizenship and the amount in controversy exceeds $75,000.

26. Plaintiff Blue Sky repeats and realleges paragraphs 2- 12, inclusive, of this Complaint with the same force and effect as though each of said paragraphs had been set forth in full herein.

27. Beginning in or about February 2010, Defendant MWV has sold and is selling dated goods products to Office Max for less than its fully allocated cost in violation of California Business and Professions Code § 17043.

## COUNT FIVE

## INTENTIONAL INTERFERENCE WITH

## PROSPECTIVE ECONOMIC ADVANTAGE

28. Count Five of this Complaint is based on the doctrine of supplemental jurisdiction because the claim asserted herein is ancillary to the federal antitrust claims set forth in Counts One through Three and arise from the same transactions and the same nucleus of operative facts as alleged therein. Additionally, the Court has independent jurisdiction of this Count Five under 28 U.S.C. § 1332 in that there is diversity of citizenship and the amount in controversy exceeds $75,000.

29. Plaintiff Blue Sky repeats and realleges Paragraphs 2 through 12 and paragraphs 16 and 17, inclusive, of this Complaint with the same force and effect as though each of said paragraphs had been set forth herein as part of this Count Five.

30. Count Five of this Complaint is filed against MWV to recover damages sustained by Blue Sky by reason of MWV's tortious interference with Blue Sky's prospective business relationship with Office Max and to obtain injunctive relief to prevent threatened loss or damage from further interference and disruption. Plaintiff Blue Sky has had, during the period covered by this Complaint, reasonable and valuable expectations of prospective business relationships with Office Max. Defendant has been and is fully aware of the existence of that prospective relationship.

31. Defendant MWV with the full intention to do so, disrupted and interfered with Blue Sky's prospective business and economic relationships with Office Max as alleged above. As a proximate result of defendant's wrongful conduct, plaintiff Blue Sky has been prevented from consummating prospective business transactions with Office Max and will be similarly precluded in future years. Accordingly, plaintiff Blue Sky has been and will continue to be deprived of substantial profit and the enhancement and maintenance of its going concern value. As a proximate result of the above-described wrongful conduct, Blue Sky has suffered actual damages in an amount to be proven at trial.

32. In intentionally disrupting and interfering with plaintiff's prospective business and economic relationships as alleged herein, defendant's conduct has been willful, oppressive, malicious and despicable. By reason thereof, plaintiff Blue Sky is entitled to punitive damages.

## COUNT SIX

## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

## (UNFAIR COMPETITION STATUTE)

33. Count Six of this Complaint is based on the doctrine of supplemental jurisdiction because the claim asserted herein is ancillary to the federal antitrust claims above and arises from the same transactions and from a common nucleus of operative facts as alleged in Counts One through Three.

34. Defendant's conduct constitutes unfair business practices and violates Section 17200 et seq. of the California Business & Professions Code and plaintiff Blue Sky is, therefore, entitled to injunctive relief and restitution. As a direct and proximate result of the violations alleged herein, Blue Sky has sustained and will sustain the injuries described herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court adjudge and decree as follows:

1. That MWV has violated Section 1 an 2 of the Sherman Act and Section 3 of the Clayton Act as set forth in Counts One through Three and against defendant MWV under Count Four (California Business and Professions Code § 17043), and that judgment be entered against defendant MWV on Counts One through Four for treble the amount of actual damages suffered by Blue Sky and that it be awarded a reasonable attorneys' fee and recover its costs of suit, as required by Section 4 of the Clayton Act (15 U.S.C. § 16) and by Section 16720 of the Business & Professions Code.

2. That injunctive relief be granted pursuant to Section 16 of the Clayton Act (16 U.S.C. § 26).

3. That MWV has tortuously interfered with Blue Sky's prospective economic relationships as set forth in Count Five and that judgment be entered against MWV for tortious interference with prospective business relationships for actual damages suffered and for exemplary and punitive damages for such tortious interference.

4. That MWV has violated the California Business and Professions Code § 17200 et seq. (unfair competition statute) as set forth in Count Six and that judgment be entered against MWV for injunctive relief and for the costs of suit.

5. That MWV and its predecessors, successors, assigns, transferees, officers, directors, members, agents, employees, all persons acting or claiming to act on its behalf and all persons in active concert and participation with it be permanently enjoined and restrained from directly or indirectly engaging in the unlawful conduct and practices alleged herein.

6. That Blue Sky be entitled to such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 25, 2010

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER

By: /s/ Maxwell M. Blecher
Maxwell M. Blecher
Attorneys for Plaintiff Blue Sky The Color of Imagination, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: March 25, 2010

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER

By: *[signature]*
Maxwell M. Blecher
Attorneys for Plaintiff Blue Sky The Color of Imagination, LLC

# 41598

| Name & Address:<br>BLECHER & COLLINS, P.C.<br>MAXWELL M. BLECHER (SB # 026202)<br>515 SOUTH FIGUEROA STREET, SUITE 1750<br>LOS ANGELES, CALIFORNIA  90071-3334<br>TELEPHONE:  (213) 622-4222 | |
|---|---|

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BLUE SKY THE COLOR OF IMAGINATION, LLC.,<br><br>PLAINTIFF(S)<br>v.<br><br>MEAD WESTVACO CORPORATION<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-02175 DDP(ANX)**<br><br><br>**SUMMONS** |
|---|---|

TO:   DEFENDANT(S): MEAD WESTVACO CORPORATION

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __MAXWELL M. BLECHER__, whose address is __515 SOUTH FIGUEROA STREET, SUITE 1750, LOS ANGELES, CA  90071-3334__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:   MAR 2 5 2010

Clerk, U.S. District Court

By: __NANCY CASTRO__
   Deputy Clerk

   (Seal of the Court)         1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>BLUE SKY THE COLOR OF IMAGINATION, LLC. | **DEFENDANTS**<br>MEAD WESTVACO CORPORATION |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>BLECHER & COLLINS, P.C.<br>515 S. FIGUEROA ST., # 1750, LOS ANGELES, CA 90071<br>TELEPHONE: (213) 622-4222 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1, MONOPOLIZATION

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☒ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10-02175 DDP(ANX)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RICHMOND, VIRGINIA | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date MARCH 25, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### CV10- 2175 DDP (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY